IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1998 SESSION



FILED

March 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE                )
                                  )
         Appellee,                )        NO. 02C01-9709-CC-00371
                                  )
                                  )        HARDIN COUNTY
v.                                )
                                  )        Hon. C. Creed McGinley
TIMOTHY ALAN HOPPER               )
                                  )        (Burglary & D.U.I.)
         Appellant.               )
                                  )

For the Appellant:                        For the Appellee:

Ron Harmon                                John Knox Walkup
PO Box 968                                Attorney General & Reporter
Savannah, TN. 38372
(at trial)                                Peter M. Coughlan
                                          425 Fifth Avenue North
Richard W. DeBerry                        2nd Floor, Cordell Hull Building
Assistant Public Defender                 Nashville, TN. 37243
PO Box 663
Camden, TN. 38320                         G. Robert Radford
(on appeal)                               District Attorney General

                                          John W. Overton, Jr.
                                          Assistant District Attorney General
                                          PO Box 484
                                          Savannah, TN. 38372

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, SPECIAL JUDGE

OPINION

The appellant, Timothy Alan Hopper, appeals as of right from his convictions in the Hardin County Circuit Court of burglary and driving under the influence. Following a jury trial, the appellant was sentenced as a Range II multiple offender to serve six (6) years for the burglary conviction and eleven (11) months and twenty nine (29) days for D.U.I. The sentences were ordered to run concurrently, with the sentence for D.U.I. suspended to thirty (30) days.

On appeal, the appellant challenges the sufficiency of the convicting evidence and the nature and length of his sentences. We find no reversible error and affirm the judgment of the trial court.

On July 6, 1996, Chief Mike Vaughn of the Crump City Police Department received a telephone call reporting a burglary at Davis Brother's Block Company. Chief Vaughn went to the scene and discovered tire tracks which he opined were left by a car with a temporary spare tire on one wheel. He also noticed two sets of foot prints leading from the building entrance to where the tire tracks ended.[1] Bill Davis, the owner of the Block Company, told the police that he had seen the appellant driving a car with a temporary spare tire a few days earlier.[2]

On the same night of the burglary, Investigator Mike Fielder and Deputy Sheriff Mark Mitchell of the Hardin County Sheriff's Department were notified about a possible D.U.I. in progress. A pedestrian reported to the officers that he had observed a person driving recklessly and throwing a beer bottle out of his car. The officers investigated the report and found appellant's car parked on the side of a public street in Hardin County.[3] The car matched the description given by the pedestrian and the appellant admitted to the officers that he had been driving the car. Deputy Mitchell

---

[1] One set of foot prints was distinguishable because it was made by tennis shoes with a football emblem in the arch of each shoe.

[2] The appellant was a former employee at the block company.

[3] Two other men were in the car with the appellant. One of the passengers was Danny Hopper, who was charged in the burglary with the appellant.

smelled alcohol on appellant's breath and administered two field sobriety tests, the horizontal gaze nystagmus test and the fingertip-to-nose test. The appellant failed both tests and was placed under arrest for D.U.I. Approximately one-half-hour later, appellant's blood/alcohol level tested 0.10 percent on the intoximeter machine.

During the field tests, Investigator Fielder examined appellant's car and discovered a temporary spare tire on the car and three pairs of tennis shoes inside the car. Later tests revealed that the spare tire matched the prints found at the burglary scene. Also, one pair of tennis shoes, owned by the appellant, matched the distinguishable football prints found at the scene.

The appellant testified in his own defense that he went with one Danny Hopper to the Davis Brother's Block Company because he owed him a favor.[4] Appellant testified that he initially stayed in the car while Danny climbed over a security fence and broke into the company building. Appellant stated that after waiting in the car for approximately thirty minutes, he entered the fenced area to help Danny load and carry numerous items[5] out to the car. According to appellant's testimony, he did not enter the company building, but merely entered the fenced area and helped Danny push a wheelbarrow to and from the car. As to the charge of D.U.I., the appellant testified that he had only consumed one and one half beers when he was questioned by Deputy Mitchell.

The appellant made a written statement to the police that provided further details of the burglary. The statement was introduced into evidence as follows:

> It was on Friday night around two week (sic) ago. Me and Danny Hopper when (sic) to Davis Bros. Block Co. in Crump, TN. And we when (sic) in my car and I pull (sic) in a garden of (sic) field beside the fence. And I stayed in the car while Danny went over the fence and broke in. And he got more items than he could carry. And he, Danny, came back out to the car and got me. And I went in with him. And he got a wheelbarrow and carry (sic) it over to the office were we loaded up some oil and tool

---

[4]The record is unclear whether Danny Hopper is a relative or mere friend of the appellant.

[5]Items stolen from the block company included various tools, cases of oil, and a torch. The appellant testified that he and Danny stole the items to sell them for drugs.

3

(sic) and a torch. We carry (sic) the items to Danny Hopper's at Ray Harmon's Trailer Court. And I never say these items again. And Danny Hopper was going to sell the items and did. And I got $20.

The appellant first contends that the evidence was insufficient to support his convictions of burglary and D.U.I. He argues that the evidence fails to prove that he entered the company building during the theft or that he was intoxicated while driving his car.

This issue is without merit.

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in a light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record, as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1979).

The appellant argues that the evidence was insufficient to prove that he entered the building at the block company or that he otherwise committed an act constituting burglary. We disagree.

Tennessee Code Annotated section 39-14-402 (a) provides that "[a] person commits burglary who, without the effective consent of the property owner: (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft, or assault; or (3) Enters a building and commits or attempts to commit a felony, theft or assault." The act of "entering" is defined as an intrusion of any part of the body, or an intrusion of any object in physical contact with the body or any object controlled by remote control, electronic or otherwise. Tenn. Code Ann. § 39-14-402(b) (1), (2) (Supp. 1995).

4

In this case, there is no dispute that the appellant entered the fenced area surrounding the block company, without the owner's consent, and unlawfully removed property from the location. The appellant argues, however, that he did not commit burglary because he allegedly never entered the company building.

We note that the evidence is close as to whether the appellant actually entered the building during the theft. At trial, the appellant testified that he only entered the fenced area to help Danny Hopper with the stolen items. In his written statement, however, he stated that he "went in with [Danny]" after Danny asked him for assistance. Moreover, footprints made by appellant's tennis shoes led from the parked vehicle up to the building's entrance.

Reviewing that evidence in a light most favorable to the State, we conclude that the jury could have found beyond a reasonable doubt that the appellant entered the building to assist in the theft of property. The jury evaluated the evidence at trial, including appellant's testimony in his own defense, and was entitled to accredit or discredit appellant's testimony in light of his demeanor as a witness and other evidence submitted by the State. The jury could have reasonably inferred from the evidence that the appellant stepped into the building when he helped Danny Hopper carry the stolen items to his car.[6]

The appellant also argues that there was insufficient evidence to convict him of D.U.I. because he only admitted to drinking one and a half beers. We disagree in light of the objective evidence introduced against the appellant at trial. Deputy Mitchell testified that the appellant smelled of alcohol and that appellant failed two field sobriety tests. Moreover, there is no question that appellant had been driving his car only moments before the field sobriety tests and that his blood/alcohol level was 0.10 percent. We, therefore, affirm the jury's finding of D.U.I.

---

[6]The State contends that the burglary conviction should also be sustained on a theory of criminal responsibility. Tenn. Code Ann. § 39-11-402 (Supp. 1995). The trial court instructed the jury, in part, that the appellant would be guilty of burglary if the jury found beyond a reasonable doubt that appellant was criminally responsible for the actions of Danny Hopper. The appellant does not challenge the charge or possible finding of criminal responsibility. We need not address that issue in this appeal.

The appellant next contends that the trial court improperly sentenced him to six (6) years in the Department of Corrections. He argues that the six (6) year sentence was excessive and that he was entitled to some form of alternative sentencing.

This issue is without merit.

When a defendant challenges the length or nature of his sentence, we must conduct a *de novo* review of the record. Tenn. Code Ann. § 40-35-401(d) (Supp. 1995). The sentence imposed by the trial court is accompanied by a presumption of correctness and the appealing party has the burden of showing that the sentence is improper. Tenn. Code Ann. § 40-35-401 (Sentencing Commission Comments). That presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the principles of sentencing and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The appellant's contention in this case concerns the sentence he received for burglary, a Class D felony. The presumptive sentence for a Class D felony, if there are no enhancement or mitigating factors, is the minimum sentence within the statutory range. Tenn. Code Ann. § 40-35-210(c) (Supp. 1995). Where one or more enhancement factors apply, without the existence of any mitigating factors, the trial court may sentence the defendant above the presumptive sentence in the statutory range, but still within the range. Tenn. Code Ann. § 40-35-210(d). If both enhancement and mitigating factors apply, the trial court must start at the minimum sentence in the statutory range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e).

Based upon appellant's extensive criminal history, the trial court determined that the appellant should be sentenced as a Range II multiple offender. The sentencing range for a Class D felony at Range II is no less than four (4) years and no more than eight (8) years. Tenn. Code Ann. § 40-35-112 (b)(4). The trial court next

6

examined the record, including the presence report, and determined that the appellant has a record of criminal convictions in addition to those necessary to place him in Range II. The record reflects that the appellant has three prior felony convictions: burglary, theft of property, and felonious escape from a Community Corrections work program. He also has several misdemeanor convictions for alcohol and traffic related offenses. Based upon that record, the trial court enhanced appellant's sentence to six (6) years within the statutory range.

The appellant does not challenge the trial court's use of his prior criminal history as an enhancement factor. He contends only that the trial court failed to mitigate his sentence based upon the mitigating factor that his conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1). The appellant did not present this possible mitigator to the trial court before sentencing. However, the trial court reviewed the record and, within the court's sound discretion, found no mitigating factors.

From our *de novo* review of the record, we conclude that the six (6) year sentence was both reasonable and appropriate. There is no dispute that the sentence was properly enhanced by appellant's criminal history. Tenn. Code Ann. § 40-35-114(1). Even if we considered the application of the mitigating factor as urged by the appellant, it would merit little or no weight. As mentioned above, burglary involves entering a building, other than a habitation, with the intent to commit a felony, theft or assault, or with the actual commission or attempt to commit one of those enumerated offenses. Tenn. Code Ann. § 39-14-402(a). By its very nature, the offense of burglary does not include serious bodily injury or the threat of such injury to other persons.

We are not prepared to hold that mitigating factor (1) applies merely because the appellant's actions fit the elements of the convicted burglary offense. To do so would effectively require trial courts to mitigate a defendant's sentence any time there is a conviction of burglary. Our General Assembly did not intend that result when it

7

enacted section 40-35-113 of the Tennessee Code. The appellant's six (6) year sentence is affirmed.

The appellant also contends that the trial court should have granted him a sentencing alternative to incarceration. Although the appellant was convicted of a Class D felony, he was sentenced as a multiple offender and, therefore, was not presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6) (Supp. 1995). Moreover, the record reflects that the appellant has a criminal history evincing a clear disregard for the laws and morals of society, and that past efforts to rehabilitate him have failed. Tenn. Code Ann. § 40-35-102(5).

The trial court reviewed the record and determined that appellant's lack of amenability to correction precluded the imposition of an alternative sentence. Several factors supported that finding: (1) appellant failed to appear for his original sentencing hearing and continued to drive after the D.U.I. conviction; (2) he was previously convicted of felony escape after leaving a Community Corrections work program; (3) he was previously convicted of three felonies and several misdemeanors; and (4) he was previously caught by police after fleeing to avoid an arrest. The record shows that measures less restrictive than confinement have been applied unsuccessfully to the appellant. Accordingly, the trial court properly denied any sentencing alternative to incarceration.

Based upon the foregoing, the judgment of the trial court is affirmed with costs taxed to the State of Tennessee.

_____
WILLIAM M. BARKER, SPECIAL JUDGE


CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE

8

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1998 SESSION


STATE OF TENNESSEE               )
                                 )    NO. 02C01-9709-CC-00371
        Appellee,                )
                                 )    HARDIN COUNTY
v.                               )
                                 )    Hon. C. Creed McGinley
TIMOTHY ALAN HOPPER              )
                                 )    (Burglary & D.U.I.)
        Appellant.               )
                                 )    AFFIRMED
                                 )


## JUDGMENT

Came the appellant, Timothy Alan Hopper, by and through counsel, and also came the Attorney General on behalf of the State, and this case was heard on the record on appeal from the Circuit Court of Hardin County; and in consideration thereof, this Court is of the opinion that there is no reversible error in the judgment of the trial court.

In accordance with the opinion filed herein, it is, therefore, ordered and adjudged that the judgment of the trial court is affirmed, and the case is remanded to the Circuit Court of Hardin County for the execution of the judgment of that court and for the collection of costs accrued below.

It appearing that the appellant is indigent, costs of this appeal will be paid by the State of Tennessee.


                        William M. Barker, Special Judge
                        David G. Hayes, Judge
                        Joe G. Riley, Judge